Norris, J.
In their petition the plaintiffs, Heck, Morrison and Mun-slow,allege that they constituted the firm of Heck, Munslow & Company, a co-partnership doing business in the city of Findlay, Ohio. At the January Term, 1896, by consideration of the court of common pleas of this county, this firm recovered a judgment against the Findlay Window Glass Company,and caused an execution to issue which was levied upon certain real estate in the city with the glass .plant thereon, as the property of said Findlay Window Glassi. *112 Company, and said company, at the time of said levy, and still is, in fact, the owner of the real estate upon which the levy was made.
That on the 18th of January, 1894, the Findlay Window Glass Company,by deed of general warranty, conveyed this real estate to the defendants Deitsch, Cusac, Harris, Parker and Karst,as trustees in trust for the city of Findlay, These trustees were created by an act of the legislature, passed May 21st, 1892,to be found on page 168 of the laws of that year, vol. 89. The consideration in this deed is $12,500,
On the 27th of February, 1894, the trustees leased said premises back to the Findlay Window Glass Company for ten years, commencing May 21st, 1894, for the aggregate rental of $12,500, to be paid in semi-annual installments of :$625 each. The lease provided for the expenditure of a large sum by the Findlay Window Glass Company in betterments of the property, and upon performance of the agreement ■stipulated in the lease and the payment of the rent, the city, through these trustees, was to reconvey the property to the Findlay Window Glass Company.
Plaintiffs claim that this deed and lease was one transaction, and not a sale. That as between the city thus acting through its trustees, and the Findlay Window Glass Company, the $12,500 expressed as the consideration in said ■deed was a loan to said company, and said conveyance was a mere security for the loan. That the city had no power to acquire this property, and that the law under which the trustees acted was unconstitutional and void, and that the ■entire transaction was ultra vires, and neither the deed or lease conveyed any title, and as against plaintiffs have no effect.
The plaintiffs aver that the city paid no money or thing of value to the Findlay Window Glass Company, and that -the conveyance is totally without consideration. That the Findlay Window Glass Company retained possession of this *113 property until September, 1895, when,without authority of law, it was ousted by the city, and the city then put the defendant, the Globe Window Glass Company, in possession, which company has since and still is operating the property.
The Findlay Window Glass Company has no property except this real estate, and its rights and equities therein, and otherwise is wholly insolvent.
The petition states that the other defendants claim some interest in the property, and asks to have the liens marshal-led and this deed and lease set aside, or,if the deed be held valid, that it be decreed to be an equitable mortgage, and that there be an accounting, and the property be sold and the proceeds distributed.
The city of Findlay answers and admits tne execution of the deed and lease; that it put the Globe Window Glass Company in possession of the property, and that said company is operating the plant; and further pleads, that as enacted in the law of May 21st, 1892, and taking the steps therein directed, and for the purposes of carrying out its provisions, this board of trustees of the city improvement fund was appointed and organized, and on the 10th of January, 1894, while this law was in force and its validity unassailed, the Findlay Window Glass Company and said board, acting for the city of Findlay, made a contract in writing in terms substantially as recited in the petition, by which the company agreed, upon receiving the consideration of $12,500, to convey the property described in the petition to the city, and for the purpose of carrying out this agreement, the Findlay city council,under the authority of this act, for the purpose of raising the consideration to be paid, issued and sold the bonds of the city to the amount of $12,500, and on the 18th of February, 1894, the Find-lay Window Glass Company, act'ng through its authorized officers, executed and delivered to said board its warranty deed for said property, and upon the delivery of said deed, *114 the board in the manner provided in this act paid to said company $12,500,the proceeds of said bonds,in cash,and on the 21st of February, 1894, the board made its written contract with the Findlay Window Glass Company,of lease and release of said property to said company. That after this contract was made, the company entered into possession of the property under it, made some improvements, and for a few months operated the plant as a glass factory, but because of its insolvency the company, on the 1st of July, 1895, permanently closed the plant, quit business, vacated the premises,and through its authorized officers notified the board that it could not pay the rent or in any wise carry out its contract with the city, and made application to be released from the liability imposed by the contract; and the board, about the 1st of July, 1895, as a compromise, agreed to rescind the contract of lease and re-sale upon surrender of the contract and re delivery of possession of the premises, and further that the company would, in payment of $1,250 of rental then due, transfer about $600 worth of cullet or melted glass,, then in a tank on the property; and all this the company did,and the city, through its board, took quiet possession of the premises.
The city further says, that one of the stipulations of this contract was, that if the company made any default in performance,or allowed the sale of its interest under said lease or any of its property on execution, the lease should terminate as to the defendant, and the city could re-enter and possess itself of the property. It says that had said contract not been rescinded as alleged, that at the commencement of this action thére was due to the city $2,500 rental, which, together with rental since accruing, would be due and payable. That after the company abandoned said premises, suits were commenced and executions were issued against the company, levy was made on its property located on the premises, and the property was sold to satisfy *115 the writs. That said executions were also levied upon defendant’s property,and it was compelled to defend its rights, and that by reason of all this it was entitled to take possession of the premises, even if by agreement the contract had not been rescinded.
After the property had been surrendered as claimed by the company, to the city, and about the 15th of August, 1895, this board, still acting for the city under said law, made with defendants A. W. Marshall and D. B. Cratty a contract of lease and sale of these premises to them, and under this contract Marshall and Orhfcty took possession, and they,together with the Globe Window Glass Company, to which they conveyed their interest under the contract, ever since had and still have possession. That these last named parties made very valuable improvements and betterments on said property. That the Findlay Window Glass Company knew all about this transaction and the improvements, and made no objection,until in December, 1895, the Findlay Window Glass Company commenced a suit in the common pleas of this county against the city of Findlay to set aside its deed of conveyance, and that by this silence it acquiesced in these transfers, and is estopped from seeking relief from the effect of them.
That at the time of these various contracts and rescissions and transfers, plaintiff and crediior defendants had no judgment against defendant, the Findlay Window Glass Company, and the debts upon which their judgments are founded, were created after the city had become the owner of the property, and after it was known by them that the city was the owner of the property,
The Globe Window Glass Company answers, and in substance pleads as is pleaded in the anwser of the city of Findlay; alleges its improvements and betterments of the property, its full compliance with its contract, the knowledge and acquiescence of the Findlay Window Glass Com *116 pany and plaintiff and the creditor defendants in the purchase and improvement of the property by the answering defendant, and avers that its ownership under the contract of lease and sale, is not open to attack by the plaintiff and the defendant creditors.
By its supplemental answer the Globe Window Glass Company pleads, that in an action commenced in the common pleas of this county,case No. 11543, wherein the Find-lay Window Glass Company was the plaintiff, and the city of Findlay and the board of trustees of the improvement fund of the city of Findlay, the Globe Window Glass Company, A. W. Marshall, and D. B. Cratty and the creditor defendants in this case were defendants, all of the issues tendered by the petition in this case, calling in question the contracts and leases-and transfers of this property recited in this petition, and challenging the interests taken and rights acquired under them by the defendants here who were parties to that action, were joined there and were all adjudicated and determined in that suit, and that it was in said case No. 11543 by the court of common pleas adjudged, that the Findlay Window Glass Company had no title to the property here in controversy; that the city of Findlay was the owner df said property; that the deed of conveyance from the Findlay Window Glass Company to the city of Findlay and its board of trustees of the improvement fund, was a valid conveyance for the consideration in said deed expressed, and fully cast the title. This decree is in full force and unreversed; that the defendants here all being parties to that suit, are concluded by it, and that the plaintiff claiming by virtue of the rights of the Findlay Window Glass Company is estopped by it.
By a supplemental answer the same matter is pleaded by the city of Findlay.
The various other defendants, and there are many of them, file their answers and cross-petitions admitting and *117 adopting the allegations of the petition,and denying the answers of the city of Findlay and of the Globe Window Glass Company.
Plaintiff and all defendants adverse to the city of Findlay reply to the answer of the city and the Globe Window Glass Company, and aver, that at the time of these transactions, Marshall was an officer of the Findlay Window Glass Company, and was also at the time it appeared upon the scene, an officer of the Globe Window Glass Company,and had full knowledge of all conditions, and that all of said parties had notice and knowledge before any improvements of this property were made by the Globe Window Glass Company, of all the rights of the parties, and that the Findlay Window Glass Company had been unlawfully dispossessed by the city and Marshall and Cratty and the Globe Window Glass Company, and that this was all brought about by the conspiracy of the city and Marshall and Cratty and the Globe Window Glass Company,and this, while Marshall was acting as an executive officer of the Findlay Window Glass Company, and that neither said last named company, nor any of the creditors of said company, have in any manner acquiesced in the transaction.
This reply avers that the property was worth at the time cf these transfers $40,000 or more, and that if the deed and lease pleaded are valid, then plaintiff and defendant creditors are entitled to a-n accounting of the equities of the Findlay Window Glass Company under the provisions of the lease, and it denies that there was any rent due the city at the time claimed in its answer.
In reply to the supplemental answers which plead the judgment in case 11543, in bar in this action, the plaintiff and the creditor defendants of the Findlay Window Glass Company admit that the issues in said case 11543, were in substance as alleged in said supplemental answer, and that a trial of said case was had and the issues found as alleged *118 in said supplemental answer; but they claim that plaintiffs are not affected by that adjudication because they were not parties to it, and bad no knowledge of it, and because plaintiff’s claim and the defendant’s claims against said Findlay Window Glass Company existed before, and some of them were in judgment before case 11543 was commenced; and that this decision of the common pleas is now being questioned in the supreme court of this state by proceedings in error therein pending; and further allege,in substance, that facts existed which, if they had been called to the attention of the court, in that case, would have insured a different determination of the action. These are the issues as I have succeeded in excavating them from the immense accumulation of verbiage to be found in the almost endless pleadings in the case, and were presented to this court, together with the evidence on appeal.
It is not controverted that the board of trustees of the city improvement fund of the city of Findlay was appointed and qualified and organized under and by the authority of an act of the general assembly, passed on the 21st of May, 1892. The board as then constituted, on the 10th of January, 1894, made the contract with the Findlay Window Glass Company, in consummation of which, on the 18th of February, 1894, the Findlay Window Glass Company conveyed to the city of Findlay, by deed of general warranty executed to said board of trustees, the premises described in the petition; and the city, through this board, paid to the grantor $12,500 cash, the purchase price of the property, which fund was the proceeds of the sale of Findlay city improvement bonds.
On the 21st of February, 1894, the board of trustees, made a contract with the Findlay Window Glass Company which is here called a contract of lease and re-sale, by the terms of which, the city agreed to lease to said company, the premises so conveyed for the period of ten years, com *119 uaencing on May 21st, 1894, for the aggregate rental of ■112,500, to be paid in semi-annual installments of 1625 ■each; and upon the further terms, that the company should put the property in such repair, and make such betterments, •as would fit it for the manufacture of window glass, and make the plant a successful competitor in that line of manufacture.
It is not controverted that this company did expend money in an attempt to repair this property, and that after some months' trial it ceased to run the property.because it could not do business without loss, and because it had not sufficient funds with which to operate the plant, and because the plant as a glass works was a failure. In no way and to no degree does the city of Findlay appear to have contributed •to this result. The fact is established by the evidence, that at this time the company was in arrears to the city for rental, and failed to comply with the terms of the contract by it to be performed; and this being the condition, the company notified the city of its predicament. A proposition was made, by its board of directors, that it be released from tbs liability and burdens of the agreement; and on the 1st -of July, 1894, the company surrendered possession of the premises to the city, and the contract of lease and re-sale was surrendered, and its terms by mutual consent no longer held by the parties to be binding and effective. The bona fides of this transaction, is not impugned by the position of the parties, or their relation at this time to others. The Findlay Window Glass Company was largely indebted to the city, which bad come to its rescue, and out of the proceeds of the sale of the city bonds, under a law which at that time was deemed by both parties to be valid, and in a manner which they both looked upon as legitimate, had attempted to put the company on its feet by furnishing it with many thousands of dollars, and while the city took title to the company’s property, yet made its contract with *120 the company to reconvey; and compliance upon the company’s part would have made it again the owner of the plant and the proprietor of an extensive, and to be hoped, profitable establishment. In doing ail this, it is not claimed, that the provisions of the law of May 21, 1892, under which' the city, through its board of improvement, acted, was not scrupulously observed and adhered to. It is true that improvements were made by the Findlay Window Glass Company, and the very funds then acquired were expended in repairs, and more. It would appear that some of the claims' of these answering creditors, and perhaps all of them, arose-from purchases of material, to go into these improvements. But it was not a success; it was a dismal and pitiless failure, and appears to have ended in total collapse.
The conveyance to the city was made before any of these-debts arose. Now, if the city of Findiay could acquire title at all before any of these debts arose, it had acquired’ it; and if this agreement could be upheld at all between the-parties, the company’s right to a conveyance depended upon its compliance with the agreement, It is not claimed' either in evidence or argument that the company did thisy it failed to do it. By the weight of the evidence, the property was at this time worth no more than the amount the company owed the city. Some witnesses say much more, and others of equal credit put it much less than the amount still unpaid, but it is sure that the plantas it proved then, was merely a mass of material, which a vast outlay would' perhaps work over into a window glass factory. So that the-surrender of the contract of re-sale, and possession of the property, and of the few hundred dollars worth of cullet, in consideration of release from a liability for more than the property was worth, bore no semblance of fraud, either, upon the part of the one who gave or the one who took possession. Upon the company’s part it was a legitimate riddance of liability, and upon the part of the city it was a- *121 successful effort to make itself not more than whole, and it was not in fraud of the rights of any creditor. Surely the city of Findlay, whether the law under which it parted with its money was valid or invalid, had a right, in the absence of fraud, and as long as the law under which it acted was presumed valid, to make itself whole, if possible.
On January 14th, 1896, the act of May 21st, 1892, was declared by the supreme court of this state to be unconstitutional and invalid. If by the invalidity of this act such rights as the city here claim were swept away or never existed, then there is but one way out of this case, and that a very short and very speedy way.
If however, the alleged rights of the city arising from acts performed under this law in good faith by both parties, may be still upheld because of the fact that while the acts were being performed and the rights were attempted to be acquired, this law under which the city exercised its supposed authority, had not yet been declared invalid, and was still presumed by the parties to be binding and of force when these transactions took place; if because of this, the rights of the city are saved, the event of this controversy will assume a very different character, However this may be, there is no doubt that the case, so far as it depends upon the determination of this phase of it, ends here; for no matter what was donej^with the property after the title passed to the city if it did pass, and no matter to whom it was conveyed; and if the city acquired nothing, still no matter where the city attempted to cast the title or interest in it. So that the contract with Marshall and Cratty, and their assignment toUthe Globe Window Glass Company does not cut a very serious figure; for their title must stand or fall with the ’title of the city of Findlay.
This is not an attempt to enforce a contract totally unexecuted, entered~into?under.^an invalid act. In this case a contract,made in good*faitb,and executed in all its terms by *122 all the parties to it, and under which large property rights have been irrevocably parted with, and all this before the law was declared void — and with the supposition and presumption that the law under which the parties acted was valid — is sought to be set aside, because the law was in fact not a valid law. On the authority of the case of the Railroad against the Commissioners of Clinton county, 1 Ohio St., 77, until otherwise declared by a judicial tribunal, the presumption is always in favor of the validity of an act of the general assembly; and this is good' sense. For however long a period its provisions may regulate the conduct of the citizen, it is deemed tobe the true guide until otherwise adjudicated by a court of competent jurisdiction to determine the matter, and this, in a controversy in which it becomes necessary to pass upon its validity. Litigation after litigation might grow up and pass through our courts, in which rights most valuable and sacred, arising und'er such a law, would collaterally appear in the controversy, and still remain unassailed on the ground that the law upon which they were founded was unconstitutional, and this because the issues in the case could be disposed of without an attack upon that which is presumed to be the law of the land. And this might so frequently occur, and the act remain unimpugned for such a period of time, that the jeople, who as a mass, are not indifferent to the adjudications of our courts,and are not oblivious to the general trend of decisions, might well be warranted in considering it a tried and true rule of action; and still, when the real test comes, in the crucible of judicial determination, it would be branded as inimical to the organic law of the state, So that,in the language of Judge Bradbury, in the case of The State against Gardner in 54 Ohio St,, 31, “It is deemed to best comport with public policy that the official act of one acting in an office created by an unconstitutional statute, should be regarded as falling within the principle that *123 sustains the acts of de facto officers, until the statute has been held unconstitutional by competent judicial authority, in a proceeding appropriate to that end.”
This board of trustees of the city improvement fund was so acting when the deed and contract here presented for criticism were made. This being the case, we are compelled to find that said contract and conveyance were not affected by the adjudication of the supreme court afterwards declaring invalid the law under which the board acted.
If a prosecution for offering a bribe, to one who is acting as an officer by virtue of a law which does not create the office because of its invalidity, can be maintained, as in Gardner against the State, how much less right has the creditor of a grantor, to attack the title of a grantee who has paid full consideration for the debtor’s property, and who holds under a deed executed before the debt was created, all in good faith, and while the law under which the grantor acted was presumed to be valid.
And now,coming to the adjudication in case 11543, which is pending in error in the supreme court.of this state, and is here pleaded in estoppel of this plaintiff and these credit- or defendants, it cannot be successfully denied that the judgment in that case is in force. It is in substance admitted that the issues tendered by the pleadings there, are as alleged in the supplemental answer of the city and of the Globe Window Glass Company here. That judgment is not void, and is not attacked for fraud; and until impeached for cause, or reversed,binds not only the parties to the action, but settles the status of the property in controversy, against any body who would question it by a title other than one paramount to the title ascertained by the judgment. In the case at bar the plaintiffs claim, and the defendant creditors claim rights founded upon the title of the Findlav Window Glass Company, who was the plaintiff in case 11543. and against whom the decree was rendered, *124 and whose alleged title to this property was held to be unfounded; and this in a case where it was not only appropriate upon the issues tendered to determine the question, but where it was determined, and determined adversely to the Findlay Window Glass Company. We conclude that the judgment in case 11543 is such an adjudication as to estop the plaintiff and the creditor defendants, and debar them from asserting their claims here, and so find. And upon the whole matter the court finds for the defendants,the city of Findlay and the Globe Window Glass Company, upon their respective answers and supplemental answers and cross-petitions, and against the plaintiff and the other defendants, whose petitions and answers and cross-petitions are dismissed at their cost, and execution for costs is awarded, and the case is remanded to the common pleas for execution.
Barber & Fuller,and Geo. H. Phelps, for Plaintiff.
Boss & Kinder, for Defendant.